IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHASITY WARD
PLAINTIFF

v.  Civil No. 4:20-cv-04006

JAILER LACEY GRACE, Howard County
Detention Center ("HCDC"); and CHIEF
DEPUTY JOHN ERIC, HCDC
DEFENDANTS

**ORDER**

Before the Court is a Motion to Dismiss filed by Defendants Lacey Grace and John Eric. (ECF No. 11). Plaintiff has not responded. The Court finds this matter ripe for consideration. On April 2, 2020, the case was referred to the undersigned to conduct all proceedings in this case after the parties consented to jurisdiction by the Magistrate Judge. (ECF No. 21).

**I. BACKGROUND**

Plaintiff Chasity Ward filed her Complaint on January 13, 2020. (ECF No. 1). She is currently incarcerated in the Arkansas Department of Correction – McPherson Unit in Newport, Arkansas. Plaintiff's claims in this lawsuit arise from incidents which allegedly occurred while she was being held in the Howard County Jail ("HCJ") as a pretrial detainee. *Id.* at p. 4. Plaintiff alleges she was subjected to excessive force and denied medical care on December 25, 2019. Plaintiff is suing Defendants in their individual and official capacities. She is seeking compensatory and punitive damages.

Plaintiff describes her official capacity claim against Defendant Lacey for excessive force as follows:

> A person has the right to use freedom of speech. Also inmates are suppose to be protected by jailers not mentally and physically abused. If an inmate is supposed

1

> to be removed from a cell officers are supposed to do it for them if force is to be used; jailers are not supposed to put their hands on inmates at all period unless to protect theirselves.

(ECF No. 1, p. 5).  As for her official capacity claim against Defendant Eric for denial of medical care Plaintiff states:

> I believe that the Howard County Jail and its employees have violated my right for medical attention. Also I feel that my rights to be heard in this incident was violated, plus my right to be protected as well. In my opinion he misused his authority. He is suppose to protect, serve and make sure justice is seen through did neither one.

*Id.* at p. 8.

On February 28, 2020, Defendants filed a Motion to Dismiss arguing Plaintiff failed to allege any facts to support official capacity claims.  (ECF No. 11).  That same day, the Court issued an Order directing Plaintiff to respond to Defendants' motion by March 20, 2020.  (ECF No. 13). On March 31, 2020, Plaintiff filed a Motion for Extension of Time to respond asking she "be given a chance to prove my case".  (ECF No. 19).  The Court granted Plaintiff an extension of time to respond by April 15, 2020.  (ECF No. 20).  To date, Plaintiff has not filed a response.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S.

2

at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Plaintiff has sued Defendants Grace and Eric in both their individual and official capacities. A suit against an individual in his or her official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Howard County, Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish liability on the part of Howard County under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Here, Plaintiff has not alleged any policy, practice, or custom of Howard County contributed in any way to the alleged violation of Plaintiff's constitutional rights. Instead, Plaintiff claims Defendants failed to abide by the policies and procedures of the HCJ. Accordingly, Plaintiff's official capacity claims against Defendants fail to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 11) is hereby **GRANTED** and Plaintiff's official capacity claims against Defendants Grace and Eric are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this **21st day of April 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE