IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHASITY WARD                                                                                           PLAINTIFF

v.                                             Civil No. 4:20-cv-04006

JAILER LACEY GRACE, Howard County
Detention Center ("HCDC"); and CHIEF
DEPUTY JOHN ERIC, HCDC                                                                    DEFENDANTS

## **ORDER**

Plaintiff Chasity Ward filed this 42 U.S.C. § 1983 action *pro se* on January 13, 2020. (ECF No. 1). On April 2, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 21). Before the Court is Plaintiff's failure to comply with orders of this Court.

On September 1, 2020, Defendants filed a Motion to Dismiss. (ECF No. 28). The following day, the Court entered an order directing Plaintiff to file a response to Defendants' motion by September 23, 2020. (ECF No. 29). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not complied with this Court's order to file a response to the motion to dismiss and the order has not been returned as undeliverable.

On September 24, 2020, the Court directed Plaintiff to show case as to why she failed to file a response to Defendants' motion. (ECF No. 30). This order informed Plaintiff that failure to show cause by October 5, 2020, would result in this case being dismissed. To date, Plaintiff has not responded to the Court's show cause order and the order has not been returned as undeliverable.

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of this Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 28) is GRANTED. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this **16th day of October 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE